JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LERNER, | Case No. C10-08327-R (JEMx) |
| Plaintiff, | **JUDGMENT AFTER ERISA TRIAL** |
| vs. | Date: September 26, 2011<br>Time: 10:00 a.m. |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Defendant. | Before the Honorable Judge Manuel L. Real |

This action came on for Trial before the Court on September 26, 2011, the Honorable Manuel L. Real, United States District Judge presiding. Having fully considered the evidence and issues presented and arguments from the parties duly heard, this Court renders the following Opinion and Judgment:

Defendant Pacific Gas & Electric's Long Term Disability Plan (the "Plan") clearly states that "the Plan Administrator shall have complete discretionary authority to interpret, construe and define the program and terms and words used herein and such interpretations, constructions and

definitions shall be conclusive and binding and shall not be subject to further review." [Admin Record 0015].

Plaintiff Lerner points to a conflict of interest and possible procedural inconsistencies, which may warrant a *de novo* review of the Plan's disability determination regarding Mr. Lerner. The Court has considered the factors set forth in *Abatie v. Alta Health & Life Insurance Company*, 458 F.3d 955 (9th Cir. 2006).

This Court determines that an abuse of discretion standard of review still applies but it will take the conflict of interest into account when reviewing PG&E's determination. *Metropolitan Life Insurance Company v. Glenn*, 554 U.S. 105, 111 (2008). The Plan did not abuse its discretion in determining that Mr. Lerner had acquired less than 15 years of credit service.

The Plan states that the duration of LTD benefits shall be based on "the participant's credited service at the date of the original disability." [Admin Record 0029]. Based on the clear language of the Plan, and the discretion granted to the administrator in interpreting its terms, it is evident that the Plan did not abuse its discretion in concluding that the date of disability was determined by the date when the disability first arose.

The Plan was not required to wait for a doctor to make a determination that the individual was "totally and permanently disabled," as Mr. Lerner argued in his brief and also in Court.

The Court concludes that the Plan's determination that Mr. Lerner's disability first arose on October 26, 1994, is also reasonable. Mr. Lerner's own application for LTD benefits listed a date of October 26, 1994, as the "date on which you were first unable to work." [Admin Record 0002-0006].

2
[PROPOSED] JUDGMENT / C10-08327-R (JEMx)

Based on Mr. Lerner's own admission, it was reasonable for the Plan to conclude October 26, 1994, was the date of the original disability. It is immaterial that Mr. Lerner continued to work intermittently for PG&E following this date. Thus, the Plan's Administrator did not abuse its discretion in determining that Mr. Lerner worked for 14 years, 4 months, and 10 days before his disability arose, entitling him to LTD benefits for equal period of time and no more.

BASED ON THE FOREGOING, IT IS SO ORDERED AND ADJUDGED that Judgment shall be entered in favor of Defendant Pacific Gas and Electric Company Long Term Disability Plan and against Plaintiff Jeffrey Lerner. Plaintiff's Complaint shall be dismissed in its entirety, with prejudice. Each party to bear its own attorney's fees and costs.

DATED: January 30, 2012

**Hon. Judge William L. Real**
**United States District Judge**

13838195v.1 / 69419-000003